JAMES H. DURGIN & wife *vs.* CITY OF LOWELL.

A way constructed and kept in repair by a private corporation upon its own land for its
own use and convenience and the use and convenience of tenants occupying its houses
upon both sides thereof, opening into a public street, having a sign " Private way " upon
the corner, but left open to public travel for more than twenty years without interruption,
is not thereby dedicated to the public; nor does it become a public way by prescription.

One who lives upon and is acquainted with the condition of a way which has never been
formally dedicated to the public, or accepted or treated by the city in which it lies as a
public way, but which was constructed by a private corporation upon its own land for its
own use and convenience and the use and convenience of tenants occupying its houses
upon both sides thereof, and who has seen a sign, " Private way," at one end thereof,
cannot sustain an action against the city for an injury sustained by reason of a defect
therein while in the use of ordinary care, although the way opens into a public street,
and has been open to public travel for more than twenty years without interruption, and
the city has not closed up the entrance to the same or in any way given notice that it was
dangerous.

TORT to recover damages sustained by reason of a defective
highway.   At the trial in the superior court, there was evidence
tending to show that the female plaintiff, while walking on the
sidewalk of the way in question in the evening, and using due
care, was thrown down by a defect which consisted of uneven ice
thereon, and had existed for several days ; that she had seen the
ice there before, and had passed over the same place about half
an hour before the accident.   The other material facts are stated
in the opinion.   Upon the whole case, *Wilkinson,* J. ruled that the

plaintiff was not entitled to recover, and directed a verdict for the defendants. The plaintiffs alleged exceptions.

*D. S. Richardson & W. P. Webster*, for the plaintiffs.

*T. H. Sweetser & A. R. Brown*, for the defendants.

CHAPMAN, J. The injury which Mrs. Durgin received was on a way having a wrought carriage path and sidewalks, like an ordinary highway, and leading from Bridge Street, which was one of the public streets of Lowell, into Canal Street, which was a private way. It was unobstructed at the entrance, and as open to public travel as any street in the city. But it had not been laid out or constructed by the public authorities. It was constructed by a manufacturing company, on their own land, and both sides of it were occupied by their tenements, built by them for the occupation of the people employed by them. Being in this condition, the public have used it, as often as they had occasion to do so, without objection. On one of the corner tenements a notice, " Private way," has been posted for a considerable time, but it does not appear when or by whom it was placed there.

The plaintiffs contend that the city of Lowell is liable to them for the injury occasioned to Mrs. Durgin by reason of a defect in this way, on the ground that it has become a highway either by dedication or prescription. The question is one of much practical importance, because so many manufacturing companies have ways of this description upon their own lands, which it is necessary for their own use and the use of their tenants to keep constantly open, and in such a condition that all persons who choose can use them freely. It would be an unreasonable burden to require them to keep gates or watchmen to prevent the public from travelling over these ways; and if they did so, it would be extremely difficult for them to ascertain whether those who entered upon the ways did so as mere travellers or because they had business with the company or some of their tenants.

1. The first question is, whether this has become a public way by dedication. It was opened between 1836 and 1839; so that *St.* 1846, *c.* 203, which was passed to prevent the dedication of highways, does not apply to it.

In *Bowers* v. *Suffolk Manufacturing Co.* 4 Cush. 332, it is de-cided that in order to constitute a dedication the way must have been opened by the proprietor with the intent to dedicate it to public use, and the court expressed a strong inclination to the opinion that there must also be the assent, express or implied, of the city or town bound to keep it in repair; and their incli-nation was fortified by cogent reasons. We are of opinion that neither of these requisites existed in the present case. In the case above cited, there was held to be no dedication, although the way was opened and wrought, and had been used by all persons who wished to do so for many years. The court re-marked that the proprietors knew, doubtless, that while the streets remained open the public might use them as occasion might require, and to such use they had no objection, for they made none; yet such use was incidental; the streets were not laid out for that purpose, but for the use and occupation of the abutters thereon. The present is a stronger case than that. The way was necessary for the use of the company and their tenants and servants; and it was necessary for them to keep it constantly open and unobstructed, so that all persons might travel over it; and furthermore, it would be very difficult to ascertain whether a person travelling on it was doing so as a mere travel-ler, and without any connection with the company or their tenants; and if he were so using it, his use would be merely incidental. And as the travel of strangers would do no appre-ciable damage, it should be regarded, under these circumstances, as permissive and not adverse to the rights of the company, and as furnishing no evidence that the company intended to dedi-cate the way to public use. It differs from the ordinary case, where the proprietor might without inconvenience to himself keep the way closed against the public if he chose to do so, and where his own use of it is only occasional, while that of the public is constant and frequent, and is such that it may be re-garded as adverse to his private rights. It cannot reasonably be inferred that one dedicates his property to the public from the mere fact that he uses it precisely as his private necessities require. If the company had intended to yield the control of this way to

the public, they would have manifested their intention by procuring it to be laid out by the public authorities, or in some other way.    The fact that the city has never repaired it, though it has existed for more than twenty years, tends to confirm our opinion; and the fact that the notice, " Private way," has stood posted up on one of the tenements for a considerable time has the same tendency.    See also *Morse* v. *Stocker*, 1 Allen, 154.

2. We are of opinion that it has not become a public way by prescription.    The presumption that the public use has been permissive, and not adverse, arises out of the circumstances above mentioned, and there is nothing in the case to rebut this presumption.    It is suggested that the company should have done some act to interrupt the public travel and assert their private control, such for example as annually erecting a fence, and thus stopping the entrance for a short time, in order to prevent the prescriptive right from accruing.    But such an act would be a burdensome formality, and would obstruct their own use of the road much more than it would obstruct the public use.    And it would be unreasonable to hold that a proprietor ought to obstruct his own use of his private way, in order to prevent it from becoming a public way by prescription.

In *Jennings* v. *Tisbury*, 5 Gray, 74, Chief Justice Shaw remarks respecting the public use of a way, such as establishes a public prescriptive right, that, in general, it must be such as to warrant a presumption of laying out, dedication or appropriation by parties having authority to lay out, or a right to appropriate, like that of prescription or non-appearing grant in case of individuals.    It stands upon the same legal grounds, a presumption that whatever was necessary to give the act legal effect and operation was rightly done, although no other evidence of it can now be produced except the actual enjoyment of the benefits conferred by it.

But in the present case it appears when and how and for what purpose the way was made, and the presumption of a lost record is excluded by the admission that the city never laid the way out.

The plaintiffs further contend that even if it remained a private

34 *

way, the city is liable, because it was dangerous, and the city did not close it up at the entrance, or give notice that it was dangerous, in compliance with *St.* 1846, *c.* 203, § 3. But the facts reported do not show that it was in such a condition as to require the city authorities to interfere with it; and if it had been, it does not appear that they had knowledge of its condition. On the other hand, a notice would have been of no importance to Mrs. Durgin, who was employed by the corporation, lived as a boarder in one of the houses upon the way, and had seen the sign " Private way " upon the corner, and thus knew its condition fully; nor would closing its entrance have prevented the use of it by her.                    *Exceptions overruled.*